UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALLISON MARY SPAKOSKI, | : |
| Plaintiff, | : |
| vs. | :    No. 3:11cv700(MRK)(WIG) |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | : |
| | : |
| Defendant. | |

-------------------------------------------------------X

ORDER GRANTING DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT
WITH REVERSAL AND REMAND [DOC. # 17]

Defendant, Michael J. Astrue, Commissioner of the Social Security Administration, has moved this Court to enter judgment with a reversal and remand of this cause to the Commissioner. Counsel for Defendant represents that she has contacted Plaintiff's counsel, Ivan M. Katz, who consents to the relief sought in this motion.

Under sentence four of 42 U.S.C. § 405(g), the Court has the power to enter a judgment with a reversal and remand of the cause to the Commissioner for further proceedings.  *See Shalala v. Schaefer*, 509 U.S. 292, 297 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). Remand for further development of the record is appropriate when gaps exist in the administrative record or when the administrative law judge ("ALJ") committed legal error.  *See Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980).

Here, the Commissioner has determined, and Plaintiff's counsel concurs, that remand of this case is necessary for further development of the record and additional administrative action. Upon remand, the Appeals Council will assign the case to an ALJ who will be directed to update Plaintiff's medical records in light of her date last insured of December 30, 2012.   All medical

records pertaining to "Sparkie Allison," rather than to the Plaintiff, will be purged from the administrative record.  The ALJ will obtain medical expert review of the updated and corrected record, and the medical expert will be asked to give an opinion as to Plaintiff's severe impairments and the extent of any resulting functional limitations.  The ALJ will reconsider Plaintiff' residual functional capacity ("RFC") and the credibility of her subjective symptomatic complaints in light of the new medical evidence and the removal from the record of treatment notes pertaining to Sparkie Allison.  A de novo administrative hearing will be held with vocational expert testimony as needed to assist the ALJ in determining the impact of a revised RFC on Plaintiff's ability to perform work at the relevant exertional level, and to provide numbers in which any jobs identified at step five, in the sequential evaluation process, exist in the national and/or regional economy.  The ALJ will then issue a new decision based upon the total record, which accurately states the basis for any adverse step one findings of substantial gainful activity ("SGA"), identifies medical opinion support for step two findings on severity and for Plaintiff's RFC, and relies on record evidence at step five for the numbers of jobs in the national and/or regional economy.

      Accordingly, the Court hereby GRANTS the Defendant's Assented to Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant [Doc. # 17].   Plaintiff's Motion for Order Reversing the Decision of Defendant Commissioner [Doc. # 12] is GRANTED to the extent set forth in this Ruling.

      This is not a Recommended Ruling.  The parties have consented to the Magistrate Judge's entering a final order in this case without the need for entry of a recommended ruling and review by a District Judge.  See Fed. R. Civ. P. 73(b).

The Clerk is directed to enter a separate judgment in favor of Plaintiff in this matter under Rule 58(a), Fed. R. Civ. P., to remand this cause to the Commissioner for further administrative proceedings in accordance with this Order, and to close this case.

It is SO ORDERED, this   13th   day of February, 2012, at Bridgeport, Connecticut.


        /s/ *William I. Garfinkel*
        WILLIAM I. GARFINKEL
        United States Magistrate Judge